IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DESMOND RAY KING, No. 21254-424,**

    Petitioner,

v.

**BUREAU OF PRISONS,**

    Respondent.                                           Case No. 12-cv-1280-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    The petitioner, Desmond Ray King, is an inmate currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville") with a projected release date of October 1, 2017. The petitioner is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner claims the Bureau of Prisons (BOP) failed to properly evaluate his request for transfer to a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3621(b). Specifically, the petitioner claims that his request for a transfer to an RRC was denied without the proper five-factor analysis mandated by 18 U.S.C. § 3621(b). Without commenting on the merits of the petitioner's claims, the Court concludes

that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that the Petitioner's motion for the appointment of counsel (Doc. 2) is **DENIED** without prejudice. In the instant case, there is no indication that the petitioner has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Petitioner has not made this showing, the Court finds that Petitioner has not made a reasonable

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

attempt to find counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B) (a district court has discretion to appoint counsel for a petitioner seeking habeas); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the standard governing a district court's discretion in appointing counsel as follows: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself [.]").

**IT IS FURTHER ORDERED**, on the Court's own motion, that the Bureau of Prisons is dismissed as a party.  *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (only proper respondent in a habeas action for an incarcerated prisoner is his custodian -- the warden of the prison).  Accordingly, the Bureau of Prisons is not a proper party.  The Court **DIRECTS** the Clerk of the Court to substitute James N. Cross, the warden of FCI-Greenville as the named respondent.

**IT IS SO ORDERED.**

Signed this 23rd day of January 2013

Digitally signed by
David R. Herndon
Date: 2013.01.23
16:52:56 -06'00'

**Chief Judge**
**United States District Court**