IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESMOND RAY KING,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-1280-CJP[1] |
| ) | |
| **JAMES N. CROSS,** ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Petitioner Desmond Ray King, a federal inmate incarcerated at FCI-Greenville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' alleged failure to properly address his request for a transfer to the Chicago Residential Re-entry Center. King's habeas petition was denied and judgment was entered against him on January 16, 2014 (Docs. 22, 23). This matter is currently before the Court on King's motion for reconsideration which was filed on January 28, 2014 (Doc. 25).

King's motion for reconsideration is actually a motion to alter or amend the judgment under Rule 59(e) (*See* Doc. 25). A motion under Rule 59(e) must be filed within 28 days of the challenged order or judgment. FED. R. CIV. P. 59(e), The instant motion was filed 12 days after the challenged order and judgment were

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 20).

entered, and is therefore timely under Rule 59.

The decision to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996). Rule 59(e) permits a court to amend a judgment if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

In the Order denying King's habeas petition, the Court first questioned whether a § 2241 petition was an appropriate vehicle for his claim (Doc. 22). The Court went on to conclude that even if King's claim was properly raised in a § 2241 petition, his petition should be denied because he failed to exhaust his administrative remedies and he was not entitled to relief on the merits because the BOP properly considered his transfer request (Doc. 22). In his motion for reconsideration, King argues that the Court misinterpreted his claim and "used [BOP] policy to circumvent law thus misapplying controlling precedent," which amounts to a manifest error of law (Doc. 25). In particular, King argues that (1) habeas corpus is the proper vehicle for his claim, (2) he should be excused from exhausting his administrative remedies, and (3) he is entitled to relief on the merits of his claim because the BOP did not in fact properly consider his request for a transfer (Doc. 25).

With respect to King's argument that the Court misinterpreted his claim, it is clear that the Court and King were on the same page when it came to the basis of his

claim—the BOP acted unlawfully when it denied his request for a transfer to a residential re-entry center without assessing all of the factors set out in 18 U.S.C. § 3621(b) (*Compare* Doc. 22 *with* Doc. 25). Therefore, it appears that King is arguing that the misinterpretation occurred when the Court concluded that habeas corpus was not the proper vehicle for his claim.

Upon review of the record, the Court concludes that it reached the proper result in dismissing King's claim; however, instead of dismissing it for lack of subject-matter jurisdiction, it should have been dismissed on the merits. *See Lopez v. Rios*, 2014 WL 554547, at *1 (7th Cir. 2014) (unpublished opinion). Section 2241 allows a prisoner to seek release if his continued custody violates the Constitution or federal laws. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (per curiam). King admitted that he is not claiming his custody is unlawful (Doc. 25,p. 1). And victory for King does not mean immediate release from confinement or a shorter stay in prison; at most, it means reconsideration of his transfer request. Therefore, his claim does not lie at "the core of habeas corpus" and is futile. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Lopez*, 2014 WL 554547, at *1.

Turning next to King's argument that he should be excused from exhausting his administrative remedies, this argument falls short of the standard for relief under Rule 59(e). He did not demonstrate that there was a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (defining "manifest error"). Rather, he

merely takes umbrage with the Court's ruling, and rehashes old arguments that already have been rejected. Neither of these things warrants relief under Rule 59. *Oto*, 224 F.3d at 606 ("manifest error" is not demonstrated by the disappointment of the losing party"); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments . . . .")

Similarly, King's argument that he is entitled to relief on the merits of his claim also does not warrant relief under Rule 59(e). King claims that he has a constitutional right "to have [his] transfer request properly considered on an individualized basis and in good faith of all five of the factors listed under 18 U.S.C. § 3621(b)" (Doc. 25, p. 3). He further claims that this right was recognized in *Tristano v. Federal Bureau of Prisons*, Case No. 07-C-189, 2004 WL 5284511 (W.D. Wis. April 18, 2007) and in the BOP's own policy. The *Tristano* decision is from the district court in the Western District of Wisconsin, and while this Court respects the decisions of its fellow district courts, these decisions have no binding precedential effect on this Court. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009). Furthermore, a prison official's failure to follow a prison policy can serve as the basis of a federal habeas claim only if the official's actions also constitute a violation of federal law or the Constitution. *See Edwards v. Johnson,* 209 F.3d 772, 779 (5th Cir.2000) ("[A] violation of prison regulations in itself is not a constitutional violation."); *Caruth v. Pinkney*, 683 F.2d 1044, 1052 (7th Cir.

1982) ("By itself, however, the failure to comply with the regulation does not amount to a violation of constitutional magnitude.")  As the Court explained in its previous order, inmates do not have a constitutional right to a transfer, and the statute is silent regarding when, if ever, the BOP must consider a request for a transfer.  *See* 18 U.S.C. § 3621(b).  The Court is also unaware of any binding case law that provides that inmates are statutorily or constitutionally entitled to an individualized analysis using the five factors listed in § 3621 each time they request a transfer (*See* Doc. 22).  But even if King does in fact have such a right, the Court already concluded that an individualized, five-factor analysis was conducted during his program review (Doc. 22).  King's disagreement with the Court's analysis of the evidence does not warrant relief under Rule 59(e).

## CONCLUSION

King has not stated or demonstrated any grounds for relief under Rule 59(e). Upon review of the record, the Court remains persuaded that its ruling denying King"s habeas petition was correct.  Therefore, the motion to reconsider filed by Petitioner Desmond Ray King (Doc. 25) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  March 28, 2014

s/ **Clifford J. Proud**
CLIFFORD J. PROUD
United States Magistrate Judge